UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOAN M. JOJOLA, et al., | Case No. 2:14-CV-1492 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| ANERICAN PACIFIC CORPORATION, et al., | |
| Defendant(s). | |

Presently before the court is defendants', American Pacific Corporation (hereinafter "AMPAC") and Julie Buckman (collectively "defendants"), motion to dismiss. (Doc. # 2). Joan Jojola, Eleanor Barcelon, Jayann Jackson, and Cathryn Lum (collectively "plaintiffs") filed a response, (doc. # 7), and defendants filed a reply, (doc. # 9).

**I.     Background**

This is a Title VII employment discrimination action. Plaintiffs are four former employees of AMPAC. Plaintiffs allege a series of discriminatory conduct against them based on their gender, race, color, and religion. Plaintiffs also allege state law claims of intentional infliction of emotional distress and unjust enrichment.

Buckman is a female employee of AMPAC. Buckman held the position of controller and it appears that she had some supervisory power over plaintiffs. Plaintiffs suggest that Buckman was the supervisor. However, defendants allege that Buckman was not plaintiffs' direct supervisor. Plaintiffs believe that Buckman discriminates against female employees because she is sarcastic and demeaning to females and more pleasant with males. They also allege that Buckman discriminates against Native Americans and Catholics. Plaintiffs base their complaint on the following allegations.

**James C. Mahan
U.S. District Judge**

Jojola is a woman of Native American descent. (Doc. # 1-1). Jojola began working at AMPAC in June of 2008 as a receptionist/administrative specialist. Jojola felt that Buckman "displayed hostility and discrimination" towards her because of her race, religion, and gender. (Doc. # 1-1). Jojola resigned on July 26, 2013.

Barcelon is a woman who began working at AMPAC in June of 2008 as an accounts payable supervisor. Barcelon once was denied vacation leave by Buckman and alleges that she was entitled to it. (Doc. # 1-1). Barcelon alleges that Buckman had no legitimate reason for denying her leave.

Jackson is also a woman who was hired as a payable clerk on April 1, 2009. Jackson was once asked to move to a different work area because Buckman was allegedly pitting Jackson and Lum against one another. Jackson resigned on August 12, 2013.

Lum is a woman who was allegedly the victim of bullying and intimidation by Buckman. There are no facts discussing whether Lum also resigned or whether she still works for AMPAC. Since the complaint states that it is an employment discrimination case brought by four former employees of AMPAC, it appears that Lum is no longer employed by AMPAC. (Doc. # 1-1 line 1). However, there is no other information addressing whether Lum resigned, was fired, or still works for AMPAC.

## II.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

James C. Mahan
U.S. District Judge

- 2 -

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**III.  Discussion**

A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs are not entitled to relief based on something they observed happen to other people. Plaintiffs' complaint has a number of allegations that the court

1  will not consider. Any of the allegations concerning what plaintiffs "observed" or "noticed"
2  Buckman do to other employees will not be considered for the purpose of the present motion.

3  There is also an allegation in the complaint discussing a "Ms. Leslie," "LVMPD," and
4  "LMVLP." (Doc. # 1-1 line 59). The court does not know who these parties are or how they are
5  connected to the instant complaint. "Ms. Leslie" is referred to again in the complaint where
6  plaintiff states that "Ms. Leslie" is entitled to attorneys' fees and costs. (Doc. # 1-1 line 74).
7  The court believes this to be a mistake and thus will not consider these allegations.

8  The court will consider the remaining allegations below.

9  A. *Employment discrimination*

10  To establish a prima facie case for discrimination, a plaintiff must allege that (1) she is a
11  member of a protected class; (2) she was qualified for her position; (3) she experienced an
12  adverse employment action; and (4) similarly situated individuals outside her protected class
13  were treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

14  Since plaintiffs did not allege that they suffered an adverse employment action, they must
15  establish that they were constructively discharged. To establish a claim for constructive
16  discharge, a plaintiff must plead that "a reasonable person in [her] position would have felt that
17  [she] was forced to quit because of intolerable and discriminatory working conditions." *Hardage*
18  *v. CBS Broad. Inc.*, 427 F.3d 1177, 1184 (9th Cir. 2005).

19  a. *Race*

20  The first cause of action is by Jojola against AMPAC and Buckman for employment
21  discrimination based on race.

22  Jojola alleges that AMPAC has maintained a consistent pattern and practice of racial
23  discrimination against minority employees, particularly employees of Native American descent.
24  Buckman allegedly stated in Jojola's presence how "rude" Native Americans are. On another
25  occasion, Jojola allegedly overheard Buckman say, "Native Americans, Indians, I don't care,
26  whatever they want to call themselves."

27  The court does not find that two comments, overheard by Jojola, create a consistent
28  pattern and practice of racial discrimination against employees of Native American descent.

**James C. Mahan**
**U.S. District Judge**

- 4 -

Further, merely overhearing an offensive comment does not establish a prima facie case of discrimination.

The court finds that Jojola's allegations concerning employment discrimination based on race do not rise above the speculative level necessary to survive a 12(b)(6) motion to dismiss. The allegations do not plausibly suggest an entitlement to relief. Accordingly, the claim for employment discrimination based on race is dismissed.

    *b. Religion*

The second cause of action is by Jojola against AMPAC and Buckman for employment discrimination based on religion.

Jojola alleges that on one occasion, while in the break room watching a news program about the new Pope, Buckman stated audibly negative views about the pope and the Catholic religion. A difference of opinion, based on religion, does not create a claim for discrimination.

The court finds that the allegations concerning employment discrimination based on religion do not rise above the speculative level necessary to survive a 12(b)(6) motion to dismiss. The allegations do not plausibly suggest an entitlement to relief. Accordingly, Jojola's claim for employment discrimination based on religion is dismissed.

    *c. Gender*

The third cause of action is by all plaintiffs against AMPAC and Buckman for employment discrimination based on gender.

Plaintiffs allege that Buckman was harder on female employees than male employees. As evidence, plaintiffs offer that they observed Buckman use sarcasm and a hostile tone when addressing female employees. Plaintiffs further allege that Buckman made personal and inappropriate comments to female employees. However, plaintiffs fail to give any details concerning what specifically Buckman said or did to them personally that was discriminatory or that created a hostile work environment.

The court finds that the allegations concerning employment discrimination based on gender do not rise above the speculative level necessary to survive a 12(b)(6) motion to dismiss.

**James C. Mahan**
**U.S. District Judge**

- 5 -

The allegations do not plausibly suggest an entitlement to relief. Accordingly, the claim for employment discrimination based on gender is dismissed.

### B. Intentional infliction of emotional distress

All plaintiffs assert the claim for intentional infliction of emotional distress against Buckman. To establish a claim for intentional infliction of emotional distress, a plaintiff must allege (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff suffered severe or extreme emotional distress and (3) actual or proximate causation. *Star v. Rabello*, 97 Nev. 124, 125 (1981).

Plaintiffs' intentional infliction of emotional distress claims are based on Buckman's allegedly discriminatory actions. Plaintiffs claim that by "making unsolicited hostile and sarcastic remarks, Buckman engaged in conduct that was outrageous in character and extreme in degree." (Doc. # 1-1). However, a discrimination claim does not create a claim for intentional infliction of emotional distress. Plaintiffs fail to show that the alleged discriminatory conduct was extreme and outrageous. Further, plaintiffs did not show that they suffered severe or extreme emotional distress.

The court finds that the intentional infliction of emotional distress allegations do not rise above the speculative level necessary to survive a 12(b)(6) motion to dismiss. The allegations do not plausibly suggest an entitlement to relief. Accordingly, the claim for intentional infliction of emotional distress is dismissed.

### C. Unjust enrichment

The final claim is by Jojola, Jackson, and Lum against AMPAC for unjust enrichment. To establish a claim for unjust enrichment, a plaintiff must allege that a defendant has and retains a benefit which in equity and good conscience belongs to the plaintiff. *Coury v. Robinson*, 115 Nev. 84, 90 (1999).

Plaintiffs have alleged that Buckman required Lum, Jackson, and, "on information and belief," Jojola "to work uncompensated hours in order to make deadlines and quotas. . ." (Doc. # 1-1). This single conclusory allegation is the only allegation regarding unjust enrichment. It does not show that defendant has and retains a benefit which in equity and good conscience

belongs to the plaintiffs. Plaintiffs have failed to allege facts concerning what wages they believe they are entitled to or when the hours were allegedly worked.

The court finds that the allegation concerning unjust enrichment does not rise above the speculative level necessary to survive a 12(b)(6) motion to dismiss. The allegations do not plausibly suggest an entitlement to relief. Therefore, the claim for unjust enrichment is dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss, (doc. # 2), be, and the same hereby is, GRANTED. Plaintiffs' complaint is, hereby, dismissed without prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED November 18, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**